OLSON, Respondent, vs. WHITE STAR LUMBER COMPANY, Appellant.

*December 10, 1914—January 12, 1915.*

*Sales: Quantity of logs delivered: Instructions to jury: Evidence: Memorandum.*

1. In an action to recover the purchase price of logs, the only question being whether the plaintiff's or the defendant's scale of the logs was correct, the court properly instructed the jury to that effect and that if they found the scale of the logs as claimed by the plaintiff to be correct they must find in his favor for the unpaid balance of the purchase price.

2. The admission in evidence in such case of a tabulated statement of the quantity of the different kinds of logs delivered by plaintiff and the amount due therefor at the agreed price, and the use of such memorandum by a witness who testified to the scaling of the logs, that he had made entry thereof in a book, and that the items in the memorandum were accurate, was not prejudicial error, it being clear that the witness had personal knowledge of the transaction referred to and that he testified from such knowledge.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover the purchase price of logs sold to the defendant by the plaintiff.

*E. V. Werner,* for the appellant.

*P. J. Winter,* for the respondent.

SIEBECKER, J.   The plaintiff claims that he sold and delivered to the defendant a certain amount of birch, hemlock, basswood, and maple logs and that they were scaled by one William Olson and one Liscau; that the amounts due therefor according to such scales were respectively $890.09 and $837.12.   The defendant claims that the total amount due for the logs was $680.53 and that all but $4.20 had been paid, and tendered judgment for this balance.   The issue thus presented by the pleadings raised the material issue litigated at

the trial. The evidence of the quantity of logs delivered by the plaintiff to the defendant was in conflict and the court properly submitted the issue to a jury for determination. The circuit court instructed the jury that "the burden of proof rests upon the plaintiff to establish his case by a fair preponderance of the evidence," and directed them that if they found the scale of the logs as claimed by the plaintiff to be correct, then the verdict must be in his favor for the unpaid balance of the purchase price, namely, the sum of $166.64. After having deliberated on their verdict the jury returned into court and inquired of the court whether they could change the amount of the recovery as written in the verdict submitted, and they were instructed that they could not. A verdict was returned for the plaintiff for the amount fixed by the court.

The court denied defendant's motion to set aside the verdict and for a new trial and awarded judgment for the plaintiff in the sum of $166.64.

It is contended that the court erred in its instructions to the jury by directing them that upon the issues raised in the action the evidence presented but the one inquiry, namely, whether the plaintiff's or the defendant's scale of the logs was correct, and if they found that the plaintiff was entitled to recover, then they must award him the sum of $166.64, the amount he claimed. It is plain from the record that the only controverted question between the parties involved the inquiry of the actual quantity of logs the plaintiff had sold and delivered to the defendant. The court properly submitted this to the jury under appropriate instructions. Under the evidence the court also properly informed the jury of the correct amount due plaintiff, if they found that the plaintiff's scale was accurate and true.

The defendant urges an exception to the admission in evidence of a tabulated statement of the quantity of the different kinds of logs delivered by plaintiff and the amount due

12]            JANUARY TERM, 1915.            393

therefor at the agreed price. This tabulation was used as a memorandum by Willie Olson, the witness. He testified to the scaling of the logs, that he had made entry thereof in a book, and that the items in the memorandum were accurate. It is clear that the witness had personal knowledge of the transaction referred to in the memorandum and that he testified from his personal knowledge on the subject. The use of the memorandum under the circumstances was not prejudicial to the defendant. We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.